IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CR 125-062 |
| | ) | |
| DENNIS NOSTRANT | ) | |
| GERARD ROBERTSON | ) | |
| DAVID REIP | ) | |
| MARCUS LABAT | ) | |

_____

**O R D E R**

_____

For the reasons set forth below, the Court **DENIES** Defendants Reip, Nostrant, Robertson, and Labat's motion to modify conditions of their bond conditions.  (Doc. no. 105.)

## I.    BACKGROUND

On September 4, 2025, a grand jury indicted Defendants on various fraud offenses stemming from their involvement with the House of Prayer Christian Churches of America ("HOPCC") and House of Prayer Bible Seminary ("HOPBS").  (See doc. no. 3.)  The alleged bank fraud scheme involved church leaders using HOPCC members as straw buyers of real property.  (See id. at 7-22.)  The alleged wire fraud scheme involved the recruitment of veteran HOPCC members into the HOPBS.  (See id. at 23-27, 29.)  All Defendants are members of and "volunteer minister[s]" at the HOPCC.  (Id. at 2-3.)   The indictment charges Defendants Reip and Nostrant with conspiracy to commit bank fraud and actual bank fraud, Defendant Robertson with conspiracy to commit wire and bank fraud, and Defendant Labat with conspiracy to commit wire fraud and actual wire fraud.  (See generally id.)

On September 11, 2025, the Court held Defendants' initial appearances and released them on a $50,000 unsecured bond.  (Doc. nos. 15-23.)  Bond condition 7(g) provides Defendants must "avoid all contact, directly or indirectly, with any person who is or may be a victim or witness in the investigation or prosecution, including co-defendants, unless arranged by and in the presence of counsel."  (See, e.g., doc. no. 15, p. 1.)  At arraignment, each Defendant requested clarification concerning whether condition 7(g) permitted them to attend services and other events at various HOPCC branches, as their attendance would require them to be around other HOPCC members.  (Doc. no. 105, p. 3.)  The Court instructed Defendants and the government to confer.  (Id.)  They were unable to reach an agreement.

The Court held a status conference on October 15, 2025.  (Doc. no. 96.)  Following this hearing, the Court entered an Order modifying Defendants' bond conditions to prohibit "their attendance at, or participation in, any activities, services, gatherings, or events associated with the [HOPCC]," while allowing Defendants to watch church services remotely.  (Id. at 1.)  The Court determined no lesser restrictions would reasonably assurance compliance with the restriction on communicating with potential witnesses, nor would lesser restrictions reasonably assure the protection of potential witnesses against improper influence, coercion, or intimidation.  (Id.)  The Court explained that, except for immediate family members, any current or former HOPCC member should be considered a potential witness.  (Id. at 1-2.)  The Court further noted these prohibitions on attending church events and communicating with potential witnesses further the Court's compelling interest in adequately protecting potential witnesses and ensuring the orderly and fair administration of justice.  (Id. at 1.)

On October 22, 2025, Defendants filed a motion seeking modification of the Court's prohibition on their ability to attend HOPCC-related events and services.  (Doc. no. 105.)

Defendants argue the Court's Order violates their rights under the Religious Freedom Restoration Act ("RFRA"). (See generally id.) Specifically, Defendants argue the blanket prohibition on their ability to attend HOPCC worship services is not the least restrictive means to accomplish the compelling interest in protecting potential witnesses and fairly administering justice. (Id. at 5-9.) Defendants contend RFRA requires the Court to individually assess each Defendant to determine the least restrictive means, and the Court failed to conduct such an individualized assessment. (Id. at 8-9.) The Government argues the absolute prohibition on Defendants' attendance and participation in HOPCC "activities, services, gatherings, or events" is the least restrictive means because the HOPCC is the "hub of the alleged criminal activity," and the U.S. Probation Office could not feasibly enforce any condition allowing attendance while prohibiting contact with potential witnesses. (Doc. no. 113, pp. 4-6.)

## II.    DISCUSSION

In relevant part, RFRA provides the "Government shall not substantially burden a person's exercise of religion," except the "Government may substantially burden a person's exercise of religion only if it demonstrates that application of the burden to the person: (1) is in furtherance of a compelling governmental interest; and (2) is the least restrictive means of furthering that compelling government interest." 42 U.S.C. § 2000bb-1(a)-(b). "[T]o establish a prima facie RFRA claim, a defendant must first show (1) that he or she was exercising (or was seeking to exercise) his or her sincerely held religious belief, and (2) that the government substantially burdened the defendant's religious exercise." United States v. Grady, 18 F.4th 1275, 1285 (11th Cir. 2021) (citing Davila v. Gladden, 777 F.3d 1198, 1204 (11th Cir. 2015)). The government then bears the burden "to demonstrate that (3) it has a compelling interest,

and (4) the challenged action in question is the least-restrictive means of furthering that interest." Id. (citing Davila, 777 F.3d at 1205, 1207).

Here, there is no dispute Defendants are seeking to exercise their sincerely held religious beliefs, and prohibiting their attendance at church events and activities substantially burdens their religious exercise. (Doc. no. 113, p. 3.) Defendants do not dispute the government has a compelling interest in protecting witnesses and the fair administration of justice. (Doc. no. 105, p. 4.) Thus, the Court turns its attention to whether the challenged bond condition is the least restrictive means of furthering that compelling interest.

"The least-restrictive-means standard is exceptionally demanding." Burwell v. Hobby Lobby Stores, Inc., 573 U.S. 682, 728 (2014). "It appears that the analysis involves comparing the efficacies and risks of available alternatives, as applied to a particular [individual], with the efficacies and risks of the chosen means." Roth v. Austin, 603 F. Supp. 3d 741, 773 (D. Neb. 2022) (citing Holt v. Hobbs, 574 U.S. 352, 365 (2015)). "[I]n order to be a viable least-restrictive means for purposes of RFRA, the proposed alternative needed to accommodate both the religious exercise practiced . . . and simultaneously achieve the government's compelling interests." Grady, 18 F.4th at 1287.

At the October 15th status conference, the Court heard from defense counsel concerning each Defendant's proposal for attending church events and concluded the only way to accomplish the compelling interest in protecting witnesses and fairly administering justice was to prohibit each Defendant's in-person attendance entirely. (See doc. nos. 96, 98.) The unique circumstances of this case demand this conclusion because (1) the nucleus or hub of the schemes is the church itself; (2) all current and former church members are appropriately considered potential witnesses, and many of them are alleged victims; (3) the indictment

alleges Defendants "exercised extreme control and manipulation over other members of the HOPCC and attendees of the HOPBS," (doc. no. 3, p. 5); (4) any unmonitored communication between a Defendant and a current or former church member carries an unacceptably high risk of coercion or intimidation; and (5) the U.S. Probation Office does not have the resources to monitor every such conversation to assure the protection of victims and witnesses.

In light of these particular circumstances, prohibiting each Defendant's in-person attendance at HOPCC events is the least restrictive means of furthering the compelling interests at stake. This conclusion applies equally to Defendants Reip, Nostrant, Robertson, and Labat after consideration of each Defendant's alleged role in the conspiracy, role in the church, and proposal for participation in church events. As the Court remarked at the status conference, Defendants may observe HOPCC events online and, if they so desire, attend services at churches that have no affiliation with HOPCC. No less restrictive alternatives will achieve the government's compelling interests.

SO ORDERED this 25th day of November, 2025, at Augusta, Georgia.

BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA