IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | Case No.: 1:25-CR-62 |
| | ) | |
| DENNIS NOSTRANT | ) | |
| DAVID REIP | ) | |
| MARCUS LABAT | ) | |
| | ) | |
| Defendants. | ) | |

**GOVERNMENT'S RESPONSE TO DEFENDANTS' JOINT MOTION TO MODIFY BOND CONDITIONS (DOC 147)**

NOW COMES the United States of America, by and through the United States Attorney, Margaret E. Heap, the undersigned Assistant United States Attorney and responds as follows to the Defendants' joint motion (Doc. 147):

**Background**

Each of the defendants have been charged in the above-refenced case with certain federal felonies. The charged crimes arise from fraud schemes that involved current and former members of the House of Prayer Christian Church (HOPCC). The three defendants presenting the instant motion for modification are current members of the HOPCC. Presently, there are numerous ex-members who will be witnesses and victims in the schemes. Additionally, the government has had and continues to have contact from present members who are also potential witnesses and/or victims and who have provided information relevant to the schemes.

### Bond Condition at Issue

Each defendant has been released on a bond of $50,000, unsecured, with certain conditions. Condition 7(g) in each release order, states that "[t]he Defendant[s] must avoid all contact, directly or indirectly, with any person who is or may be a victim or witness in the investigation or prosecution, including co-defendants, unless arranged by and in the presence of counsel." (Docs 15, 17, 19, 21, and 98). The Court made a finding that "any current or form member" of the HOPCC is considered a potential witness (Doc. 98 at 1-2), therefore the condition prohibits the defendants from attending or participating in "any activities, services, gatherings, or events associated with HOPCC." (Id. at 1).

The Court found that it has a "compelling interest" in imposing the condition which is to "ensure adequate protection of potential witnesses and the orderly and fair administration of justice." (Id.).

### Defendants' Arguments

Pursuant to 18 U.S.C. § 3145(a)(2), the defendants are now before the court seeking a review of the above condition and are seeking same relief that has already been denied – that is that they be allowed to attend HOPCC services, activities, gatherings, and events. They claim that the condition 7(g) infringes upon their First Amendment right to free exercise of religion and the Religious Freedom Restoration Act (RFRA). 40 U.S.C. 2000bb-1 et. seq.

### No Change in Circumstances

[T]o warrant the reopening of a detention hearing, a defendant must show that: (1) there is new information that did not exist or

> was unknowable at the time of the hearing; and (2) the new information has a material bearing on the issue of whether there are conditions of release that will reasonably assure a defendant's appearance at trial and the safety of the community. See United States v. Watson, 475 F. App'x 598, 600 (6th Cir. 2012); United States v. Peralta, 849 F.2d 625, 626 (D.C. Cir. 1988). 'Courts have interpreted this provision strictly, holding that hearings should not be reopened if the evidence was available at the time of the initial hearing' or is not material. United States v. Pon, No. 3:14-CR-75-J-39PDB, 2014 WL 3340584, at *3 (M.D. Fla. May 29, 2014). Furthermore, even if a defendant submits new information that is material, the statute's use of the word "may" provides the district court with discretion in this arena. There is no requirement to reopen a detention hearing. United States v. Brown, No. 8:21-CR-348-SCB-SPF, 2022 WL 309430, at *2 (M.D. Fla. Feb. 2, 2022).

United States v. Miller, No. 2:24-CR-1-SPC-KCD, 2024 WL 2318187, at *1 (M.D. Fla. May 22, 2024).

The defendants have not offered any change in circumstances that would require the Court to alter or amend its Order. The Motion should be denied.

### Religious Freedom Restoration Act (RFRA)

RFRA provides the following protection against substantial burdens on a person's religious exercise by the government:

**(a) In general**

Government shall not substantially burden a person's exercise of religion even if the burden results from a rule of general applicability, except as provided in subsection (b).

**(b) Exception**

Government may substantially burden a person's exercise of religion only if it demonstrates that application of the burden to the person—

>    (1) is in furtherance of a compelling governmental interest; and

>    (2) is the least restrictive means of furthering that compelling government interest.

>    42 U.S.C. § 2000bb-1.

"[T]o establish a *prima facie* RFRA claim, a defendant must first show (1) that he or she was exercising (or was seeking to exercise) his or her sincerely held religious belief, and (2) that the government substantially burdened the defendant's religious exercise. The burden then shifts to the government to demonstrate that (3) it has a compelling interest, and (4) the challenged action in question is the least-restrictive means of furthering that interest." United States v. Grady, 18 F.4th 1275, 1285 (11th Cir. 2021) (citations omitted).

The Government does not dispute that the defendants are seeking to exercise sincerely held religious beliefs and that the imposition of bond condition 7(g) in each of the defendants' bond orders substantially burdens their religious exercise. The Government asserts, however, that it may substantially burden a person's exercise of religion where it can demonstrate that a compelling interest exists. Here that compelling interest is the "adequate protection of potential witnesses and the orderly and fair administration of justice." Even the Defendants do not dispute this compelling interest. (Doc 105 at 4.)

The fourth prong in the RFRA analysis is at issue in the instant matter. The RFRA says that if the Government can show a compelling governmental interest in substantially burdening a person's exercise of religion, then it must also show the

application of the burden "is the least restrictive means of furthering that compelling government interest." 42 U.S.C. § 2000bb-1.(b)(2).

"The least-restrictive-means standard is exceptionally demanding, and it requires the government to show that it lacks other means of achieving its desired goal without imposing a substantial burden on the exercise of religion by the objecting party. If a less restrictive means is available for the Government to achieve its goals, the Government must use it." Holt v. Hobbs, 574 U.S. 352, 364–65 (2015).

As the Court is well aware, the hub of the alleged criminal activity in this case is the HOPCC. First, the bible seminary was directly affiliated with the HOPCC. The Government alleges that all of the federal education benefits paid to the seminaries and then further used to enrich the defendants were illegally obtained. Second, the bank fraud charges in the indictment revolve around the accumulation of real property using straw purchasers who included, the defendants, as well as former and current members of the HOPCC. Many of the properties purchased in this way were turned into rental properties and generated millions of dollars in income for one or more of the defendants. Portions of the rental income was used to pay American Express cards held by two of the defendants listed in this motion. Reip did not have an American Express card paid from these funds.

Both of the fraud schemes in the indictment were accomplished, in part, by the defendants' control, manipulation, and indoctrination of members of the HOPCC, both former and current. To allow the defendants to continue to

participate in the very entity that was the nucleus of the criminal activity under a promise by the defendants that they will maintain a particular distance from others, that they will attend separate services from other defendants of known witnesses, and that they will not converse with other defendants or potential witnesses is simply impossible for the U.S. Probation Office (USPO) to enforce without imbedding a probation officer in the HOPCC to attend each and every function.

Further, on or about the date of the initial appearances of these defendants – a confidential source provided pictures of at least three defendants together at the Dairy Queen in Hinesville, Georgia. This would have been after receiving instruction from the Court and Probation about the no-contact provision of the release order. This merely demonstrates that the Defendants from the outset did not take seriously the Courts directive of no contact.

Accordingly, the Court's directive that the defendants are prohibited from attending or participating in "any activities, services, gatherings, or events associated with HOPCC" (Doc. 98 at 1) "is the least restrictive means of furthering that compelling government interest." 42 U.S.C. § 2000bb-1(b)(2).

The Government urges the Court to deny the Defendants' Motion to Modify Conditions of Bond (Doc. 147).

Respectfully submitted this 4th day of February, 2026.

        MARGARET E. HEAP
        UNITED STATES ATTORNEY

        ***/s/ Patricia Green Rhodes***
        Patricia Green Rhodes
        Assistant United States Attorney
        Chief, Criminal Division
        Georgia Bar No.: 307288
        P.O. Box 2017
        Augusta, GA  30903
        (706) 826-4534
        patricia.rhodes@usdoj.gov

**CERTIFICATE OF SERVICE**

I hereby certify that I have this day served the foregoing on all the parties in this case in accordance with the notice of electronic filing ("NEF") which was generated as a result of electronic filing in this Court.

This 4th day of February, 2026.

                                        MARGARET E. HEAP
                                        UNITED STATES ATTORNEY

***/s/ Patricia Green Rhodes***
Patricia Green Rhodes
Assistant United States Attorney
Chief, Criminal Division
Georgia Bar No.: 307288
P.O. Box 2017
Augusta, Georgia 30903
706-826-4534
patricia.rhodes@usdoj.gov