IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| | * | |
| v. | * | CR 125-062 |
| | * | |
| DENNIS NOSTRANT | * | |
| DAVID REIP | * | |
| MARCUS LABAT | * | |

**O R D E R**

Pursuant to 18 U.S.C. § 3145(a)(2), Defendants Nostrant, Reip, and Labat move to amend condition of pretrial release 7(g), which requires them to avoid all contact with any person who is or may be a victim or witness in the investigation or prosecution of the above-captioned case, so that they may attend religious services at the House of Prayer Christian Churches ("HOPCC"). (Doc. 147.) They claim Condition 7(g) violates their religious rights, and they request a hearing. (See id.) The government opposes amendment, arguing Condition 7(g) is the least restrictive means of furthering the compelling government interest in safeguarding potential witnesses and the fair administration of justice. (See doc. 151.)

Upon a *de novo* review, the Court determines Defendants' motion must be denied. First, a hearing is unnecessary because the record developed in connection with Condition 7(g) is sufficient. (See Court's recording system, *For the Record* ("FTR") 9:32:23-10:20:30

(Oct. 15, 2025); docs. 98, 123.) Next, Condition 7(g) should not be amended for any Defendant. Citing the Religious Freedom Restoration Act ("RFRA"), Defendants contend the Court's determination of "least restrictive means" requires the Court to individually analyze each Defendant's background, and they thus take issue with the Magistrate Judge's purported "blanket denials" of their ability to attend HOPCC services. (Doc. 147, pp. 6-10.)

As an initial matter, the Magistrate Judge did not categorically prohibit Defendants from attending HOPCC services without analyzing each Defendant individually. Rather, at the October 15, 2025 status conference, the Magistrate Judge heard proposals from each Defendant and the government and determined an absolute prohibition on involvement in any HOPCC services and activities was necessary for each Defendant, and no lesser restrictions would suffice to achieve the government's compelling interest. (FTR, 9:32:23-10:20:30 (Oct. 15, 2025); doc. 98.) Thereafter, upon consideration of Defendants' post-hearing RFRA motion and brief, (doc. 105), the Magistrate Judge again reached the same conclusion, (doc. 123).

Regardless, the Court has fully considered each individual Defendant but determines the same result applies to all of them in light of the specific, unique circumstances of the alleged schemes at issue in this case. The HOPCC is the epicenter of the alleged criminal activity, and the indictment alleges Defendants exercised

2

control and manipulation over HOPCC members to fulfill the alleged schemes. (See doc. 3.) Thus, to allow *any* Defendant – Nostrant, Reip, or Labat – to attend HOPCC services, even with various restrictions imposed, carries an unacceptable risk of witness and victim intimidation. Further, the United States Probation Office simply does not have the resources to monitor each released Defendant's attendance at HOPCC services.

In sum, the Court has considered all three Defendants individually but concludes Condition 7(g) is the least restrictive means of furthering the government's compelling interest as to each. For these reasons, the Court declines to amend Condition 7(g) and the Magistrate Judge's related October 15, 2025 Order and **DENIES** Defendants' motion. (Doc. 147.)

**ORDER ENTERED** at Augusta, Georgia, this _11th_ day of February, 2026.

                                                   _____
                                                   HONORABLE J. RANDAL HALL
                                                   UNITED STATES DISTRICT JUDGE
                                                   SOUTHERN DISTRICT OF GEORGIA