# U.S. District Court
## Southern District of Georgia (Augusta)
## CRIMINAL DOCKET FOR CASE #: <u>1:25−cr−00062−JRH−BKE−6</u>

Case title: USA v. FNU LNU (FIRST NAME UNKNOWN, LAST NAME UNKNOWN)

Date Filed: 09/04/2025

Assigned to: District Judge J. Randal Hall
Referred to: Magistrate Judge Brian K. Epps

**<u>Defendant (6)</u>**

**David Reip**

represented by **Charles H. Rollins**
Rollins, PC
2224 Kings Way
Augusta, GA 30904
706−627−1708
Email: <u>charles@rollinspc.org</u>
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: Retained*

**Andrew Alexander Murdison**
Hall Booth Smith PC
1450 Greene Street
Ste 220
Augusta, GA 30901
706−494−2693
Email: <u>amurdison@hallboothsmith.com</u>
*TERMINATED: 01/13/2026*
*Designation: Retained*

**Robin Daitch**
Hall Booth Smith Atlanta
1450 Green Street
Ste 220
30901
Augusta, GA 30901
706−363−9774
Email: <u>Rdaitch@hallboothsmith.com</u>
*TERMINATED: 01/13/2026*
*Designation: Retained*

| **<u>Pending Counts</u>** | **<u>Disposition</u>** |
| --- | --- |
| 18 U.S.C. §§ 1344(2) and 1349 Conspiracy to Commit Bank Fraud | |

1

(1)

18 U.S.C. §§ 1344(2) and 2 Bank
Fraud
(2−3)

**Highest Offense Level
(Opening)**

Felony

| **Terminated Counts** | **Disposition** |
|---|---|
| None | |

**Highest Offense Level
(Terminated)**

None

| **Complaints** | **Disposition** |
|---|---|
| None | |

---

**Plaintiff**

| **USA** | represented by | **George J.C. Jacobs , III** |
|---|---|---|

represented by **George J.C. Jacobs , III**
U.S. Attorney's Office − Augusta
P.O. Box 2017
Augusta, GA 30903
706−724−0517
Email: george.j.c.jacobs@usdoj.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: Retained*

**Patricia Green Rhodes**
U.S. Attorney's Office − Augusta
P.O. Box 2017
Augusta, GA 30903
706−724−0517
Fax: 706−724−7728
Email: patricia.rhodes@usdoj.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: Retained*

**Margaret E. Heap**
United States Attorney's Office
22 Barnard St.
Suite 300
Savannah, GA 31401

*Designation: Retained*

**Tania D. Groover − AUSA**
U.S. Attorney's Office − Savannah
P.O. Box 8970
22 Barnard Street, Suite 300
Savannah, GA 31401
912−201−2552
Fax: 912−652−4388
*Designation: Retained*

| Date Filed | # | Docket Text |
|---|---|---|
| 09/04/2025 | 1 | MOTION to Seal Case by USA. (pts) Modified on 9/5/2025 (pts). (pts). (Entered: 09/05/2025) |
| 09/04/2025 | 2 | ORDER granting 1 Motion to Seal Case as to FNU LNU (First Name Unknown, Last Name Unknown) (1), Anthony Oloans (2), Joseph Fryar (3), Dennis Nostrant (4), Gerard Robertson (5), David Reip (6), Marcus Labat (7), Omar Garcia (8). Signed by Magistrate Judge Benjamin W. Cheesbro on 9/5/2025. (pts) Modified on 9/5/2025 (pts). Modified on 9/10/2025 (pts). (pts). (Entered: 09/05/2025) |
| 09/04/2025 | 3 | SEALED INDICTMENT as to FNU LNU (First Name Unknown, Last Name Unknown) (1) count(s) 1, 4, 24−26, Anthony Oloans (2) count(s) 1, 2−3, Joseph Fryar (3) count(s) 1, 2−3, Dennis Nostrant (4) count(s) 1, 2−3, Gerard Robertson(5) count(s) 1, 4, David Reip (6) count(s) 1, 2−3, Marcus Labat (7) count(s) 4, 8−23, Omar Garcia (8) count(s) 4, 5−7. (pts) Modified on 9/10/2025 (pts). (Additional attachment(s) added on 9/10/2025: # 1 Signature Page) (pts). (Entered: 09/05/2025) |
| 09/04/2025 | 4 | PENALTY CERTIFICATION by Government as to All Defendants. (pts) (pts). (Entered: 09/05/2025) |
| 09/10/2025 |  | Case unsealed as to FNU LNU (First Name Unknown, Last Name Unknown), Anthony Oloans, Joseph Fryar, Dennis Nostrant, Gerard Robertson, David Reip, Marcus Labat, Omar Garcia (pts) (Entered: 09/10/2025) |
| 09/10/2025 | 7 | MOTION to Unseal Case by USA. REFERRED to Judge Brian K. Epps. (pts) (Entered: 09/10/2025) |
| 09/10/2025 | 8 | ORDER granting 7 Motion to Unseal Case as to FNU LNU (First Name Unknown, Last Name Unknown) (1), Anthony Oloans (2), Joseph Fryar (3), Dennis Nostrant (4), Gerard Robertson (5), David Reip (6), Marcus Labat (7), Omar Garcia (8). Signed by Magistrate Judge Brian K. Epps on 9/10/2025. (pts) (Entered: 09/10/2025) |
| 09/10/2025 | 9 | MOTION to Designate Case as Complex and Exclude Time Under the Speedy Trial Act by Patricia Green Rhodes as to FNU LNU (First Name Unknown, Last Name Unknown), Anthony Oloans, Joseph Fryar, Dennis Nostrant, Gerard Robertson, David Reip, Marcus Labat, Omar Garcia. Responses due by 9/24/2025. (Attachments: # 1 Text of Proposed Order)(Rhodes, Patricia) (Entered: 09/10/2025) |
| 09/10/2025 |  | MOTIONS as to FNU LNU (First Name Unknown, Last Name Unknown), Anthony Oloans, Joseph Fryar, Dennis Nostrant, Gerard Robertson, David Reip, Marcus Labat, Omar Garcia REFERRED to Magistrate Judge: 9 MOTION to Designate Case as Complex and Exclude Time Under the Speedy Trial Act. (csr) (Entered: 09/10/2025) |

| 09/11/2025 | 22 | Minute Entry for proceedings held before Magistrate Judge Brian K. Epps: Initial Appearance as to FNU LNU (First Name Unknown, Last Name Unknown), Anthony Oloans, Joseph Fryar, Dennis Nostrant, Gerard Robertson, David Reip, Marcus Labat held on 9/11/2025. Arraignment as to FNU LNU (First Name Unknown, Last Name Unknown) held on 9/11/2025. Not guily plea entered as to Counts 1,4,24−26. All defendants intend to retain counsel. Government moves for detention as to Denis and Oloans. Detention hearings to be scheduled at a date and time to be determined. Government does not move for detention for Fryar, Nostrant, Robertson, Reip, Labat who are released on $50,000unsecured bond. (Court Reporter FTR.) (cjc) (Entered: 09/12/2025) |
| 09/12/2025 | 19 | ORDER Setting Conditions of Release in th amount of $50,000.00 (unsecured) as to David Reip (6). Signed by Magistrate Judge Brian K. Epps on 09/11/2025. (jlh) (Entered: 09/12/2025) |
| 09/12/2025 | 20 | Appearance Bond Entered in the amount of $50,000.00 (unsecured) as to David Reip. (jlh) (Entered: 09/12/2025) |
| 09/17/2025 | 39 | NOTICE OF ATTORNEY APPEARANCE: appearing for David Reip (Rollins, Charles) (Entered: 09/17/2025) |
| 09/18/2025 |  | Attorney update in case as to David Reip. Attorney Robin Daitch,Andrew Alexander Murdison for David Reip added. (pts) (Entered: 09/18/2025) |
| 09/18/2025 | 40 | NOTICE TO RETAINED COUNSEL as to David Reip; Charles H. Rollins, Robin Daitch, Andrew Alexander Murdison. (Attachments: # 1 Post−Conviction Obligations)(pts) (Entered: 09/18/2025) |
| 09/18/2025 | 42 | NOTICE OF HEARING as to Joseph Fryar, Dennis Nostrant, Gerard Robertson, David Reip, Marcus Labat, Omar Garcia. Status Conference and Arraignment set for 9/23/2025 10:00 AM in Augusta − 1st Floor before Magistrate Judge Brian K. Epps. (cjc) (Entered: 09/18/2025) |
| 09/23/2025 | 58 | Minute Entry for proceedings held before Magistrate Judge Brian K. Epps: Status Conference as to Joseph Fryar, Dennis Nostrant, Gerard Robertson, David Reip, Marcus Labat, Omar Garcia held on 9/23/2025. Omar Garcia consents to appear by video teleconference. Marcus Labat's request for Court appointed counsel, granted. Dennis Nostrant intends to retain counsel − follow up status conference to be held Friday, September 26. Arraignment as to Joseph Fryar (3), Gerard Robertson (5), David Reip (6), and Omar Garcia (8) held on 9/23/2025. Not guilty pleas entered by all Denfendants as to all respective counts. (Court Reporter FTR.) (cjc) (Entered: 09/23/2025) |
| 09/30/2025 | 75 | ORAL MOTION by USA for Extension of Time for bond conditions filings. REFERRED to Judge Brian K. Epps.(cjc) (Entered: 10/01/2025) |
| 09/30/2025 | 77 | TEXT ORDER granting 75 Motion for Extension of Time for bond condition filings to October 10, 2025. Signed by Magistrate Judge Brian K. Epps on 9/30/25. (cjc) (Entered: 10/02/2025) |
| 10/01/2025 | 74 | SCHEDULING ORDER as to FNU LNU (First Name Unknown, Last Name Unknown), Anthony Oloans, Joseph Fryar, Dennis Nostrant, Gerard Robertson, David Reip, Marcus Labat, Omar Garcia. The period of time September 30, 2025 through and including March 30, 2026 is excluded in computing the time within which the trial of this matter may commence. Joint Status Report Joint Status Report |

| | | |
|---|---|---|
| | | due by 4/20/2026. Motions due by 3/30/2026. Government Expert Disclosures due by 12/29/2025. Defendant Expert Disclosures due by 3/30/2026. Signed by Magistrate Judge Brian K. Epps on 10/01/2025. (jlh) (Entered: 10/01/2025) |
| 10/09/2025 | 89 | RESPONSE by David Reip re 9 MOTION to Designate Case as Complex and Exclude Time Under the Speedy Trial Act (Rollins, Charles) (Entered: 10/09/2025) |
| 10/10/2025 | 90 | NOTICE OF HEARING as to Dennis Nostrant, Gerard Robertson, David Reip, Marcus Labat. Review of Bond Conditions Hearing set for 10/15/2025 at 09:30 AM in Augusta − 1st Floor before Magistrate Judge Brian K. Epps. (cjc) (Entered: 10/10/2025) |
| 10/15/2025 | 96 | Minute Entry for proceedings held before Magistrate Judge Brian K. Epps: Status Conference as to Dennis Nostrant, Gerard Robertson, David Reip, Marcus Labat held on 10/15/2025. Court to enter an order. (Court Reporter FTR.) (cjc) (Entered: 10/15/2025) |
| 10/15/2025 | 97 | ORDER granting 9 Motion to designate this case as complex as to all Defendants. The Court further finds the ends of justice served by granting the motion outweigh the best interests of the public and Defendants in a speedy trial, and excludes the time from October 15, 2025, until further ruling of the Court from computation under the Speedy Trial Act. Signed by Magistrate Judge Brian K. Epps on 10/15/2025. Modified on 10/15/2025 (jlh). (Entered: 10/15/2025) |
| 10/15/2025 | 98 | ORDER granting 94 Motion to Modify Conditions of Release as to Dennis Nostrant (4) as set forth herein. Further, the Court MODIFIES the bond conditions for all released defendants by prohibiting their attendance at, or participation in, any activities, services, gatherings, or events associated with the House of Prayer Christian Churches. Signed by Magistrate Judge Brian K. Epps on 10/15/2025. (pts) (Entered: 10/15/2025) |
| 10/22/2025 | 105 | MOTION and Brief in Support of Modifying Conditions of Their Bail Release Orders by Dennis Nostrant, Gerard Robertson, David Reip, Marcus Labat as to FNU LNU (First Name Unknown, Last Name Unknown), Anthony Oloans, Joseph Fryar, Dennis Nostrant, Gerard Robertson, David Reip, Marcus Labat, Omar Garcia re 98 Order on Motion to Modify Conditions of Release. (Attachments: # 1 Exhibit A) (Rollins, Charles) Responses due 11/5/2025. Modified on 10/23/2025 (csr). (Entered: 10/22/2025) |
| 10/23/2025 | | Set/Reset Deadlines re Motion or Report and Recommendation in case as to FNU LNU (First Name Unknown, Last Name Unknown), Anthony Oloans, Joseph Fryar, Dennis Nostrant, Gerard Robertson, David Reip, Marcus Labat re: 105 MOTION to Modify Conditions of Release. Responses due by 11/5/2025. (csr) (Entered: 10/23/2025) |
| 10/23/2025 | | MOTIONS as to FNU LNU (First Name Unknown, Last Name Unknown), Anthony Oloans, Joseph Fryar, Dennis Nostrant, Gerard Robertson, David Reip, Marcus Labat REFERRED to Magistrate Judge: 105 MOTION to Modify Conditions of Release. (csr) (Entered: 10/23/2025) |
| 11/04/2025 | 113 | RESPONSE to Motion by USA as to Dennis Nostrant, Gerard Robertson, David Reip, Marcus Labat re 105 MOTION to Modify Conditions of Release (Rhodes, Patricia) (Entered: 11/04/2025) |
| 11/14/2025 | 116 | |

| | | |
|---|---|---|
| | | NOTICE *of Intent to Withdraw as Counsel* by David Reip (Attachments: # 1 Exhibit Letter to Defendant Reip in ref to Notice of Intent to Withdraw as Counsel)(Daitch, Robin) (Entered: 11/14/2025) |
| 11/20/2025 | 117 | MOTION for Leave of Absence as to USA for dates of : August 5, 2026, through and including August 21, 2026 by on behalf of USA. Responses due by 12/4/2025. (Attachments: # 1 Text of Proposed Order)(Rhodes, Patricia) (Entered: 11/20/2025) |
| 11/20/2025 | 118 | ORDER granting 117 Motion for Leave of Absence of Patricia Green Rhodes, as to all Defendants. Leave is granted for 8/5/2026 through 8/21/2026. Signed by District Judge J. Randal Hall on 11/20/2025. (amd) (Entered: 11/20/2025) |
| 11/21/2025 | 120 | MOTION to Withdraw as Attorney by Robin E. Daitch, Andrew A. Murdison. by Robin Daitch as to David Reip. Responses due by 12/5/2025. (Attachments: # 1 Text of Proposed Order Proposed Order Granting Motion to Withdraw)(Daitch, Robin) (Entered: 11/21/2025) |
| 11/21/2025 | 121 | RESPONSE in Opposition by David Reip as to FNU LNU (First Name Unknown, Last Name Unknown), Anthony Oloans, Joseph Fryar, Dennis Nostrant, Gerard Robertson, David Reip, Marcus Labat, Omar Garcia re 120 MOTION to Withdraw as Attorney by Robin E. Daitch, Andrew A. Murdison. (Rollins, Charles) (Entered: 11/21/2025) |
| 11/21/2025 | | MOTIONS as to David Reip REFERRED to Magistrate Judge: 120 MOTION to Withdraw as Attorney by Robin E. Daitch, Andrew A. Murdison. (csr) (Entered: 11/21/2025) |
| 11/21/2025 | 122 | REPLY TO RESPONSE to Motion by David Reip re 120 MOTION to Withdraw as Attorney by Robin E. Daitch, Andrew A. Murdison. (Daitch, Robin) (Entered: 11/21/2025) |
| 11/25/2025 | 123 | ORDER denying 105 Motion to Modify Conditions of Release as to Dennis Nostrant (4), Gerard Robertson (5), David Reip (6), and Marcus Labat (7). Signed by Magistrate Judge Brian K. Epps on 11/25/2025. (jlh) (Entered: 11/25/2025) |
| 12/04/2025 | 125 | NOTICE OF EX PARTE HEARING ON MOTION in case as to David Reip 120 MOTION to Withdraw as Attorney by Robin E. Daitch, Andrew A. Murdison and 121 Response in Opposition: Ex Parte Motion Hearing set for 12/9/2025 at 10:30 AM in Augusta − 1st Floor before Magistrate Judge Brian K. Epps. All defense counsel of record for David Reip shall attend. (cjc) (Entered: 12/04/2025) |
| 12/08/2025 | | Set/Reset Hearing. The Ex Parte hearing set for 12/9/2025 at 10:30 a.m. is ***RESCHEDULED*** for 12/12/2025 10:00 AM in Augusta − 1st Floor before Magistrate Judge Brian K. Epps. (cjc) (Entered: 12/08/2025) |
| 12/09/2025 | 126 | MOTION for Leave of Absence as to David Reip for dates of : 12/17/2025; 12/22/2025−01/06/2026. Responses due by 12/23/2025. (Attachments: # 1 Text of Proposed Order Proposed Order Granting Leave of Absence)(Daitch, Robin) (Entered: 12/09/2025) |
| 12/09/2025 | 127 | MOTION for Leave of Absence as to David Reip for dates of : 12/23/2025−01/01/2026. Responses due by 12/23/2025. (Attachments: # 1 Text of Proposed Order Proposed Order Granting Leave of Absence)(Murdison, Andrew) (Entered: 12/09/2025) |
| 12/10/2025 | 128 | |

| | | |
|---|---|---|
| | | ORDER granting <u>127</u> Motion for Leave of Absence for Andrew A. Murdison for the dates of: December 23, 2025 through January 1, 2026 as to David Reip (6). Signed by District Judge J. Randal Hall on 12/10/2025. (SLC) (Entered: 12/10/2025) |
| 12/10/2025 | | Terminate Hearings as to David Reip: The Ex Parte hearing set for 12/12/2025 is ***CANCELLED*** and will be rescheduled for a date and time to be determined by the Court. (cjc) (Entered: 12/10/2025) |
| 12/10/2025 | <u>129</u> | ORDER granting <u>126</u> Motion for Leave of Absence for Robin E. Daitch for the dates of: December 17, 2025 and December 22, 2025 throughJanuary 6, 2026 as to David Reip (6). Signed by District Judge J. Randal Hall on 12/10/2025. (SLC) (Entered: 12/10/2025) |
| 12/18/2025 | 134 | NOTICE OF EX PARTE HEARING ON MOTION in case as to David Reip <u>120</u> MOTION to Withdraw as Attorney by Robin E. Daitch, Andrew A. Murdison. Ex Parte Motion Hearing set for 1/9/2026 10:00 AM in Augusta − 1st Floor before Magistrate Judge Brian K. Epps. All defense counsel of record for David Reip shall attend.(cjc) (Entered: 12/18/2025) |
| 12/18/2025 | <u>135</u> | First MOTION to Continue *Ex Parte Hearing* by Robin Daitch as to David Reip. Responses due by 1/2/2026. (Daitch, Robin) (Entered: 12/18/2025) |
| 12/19/2025 | | MOTIONS as to David Reip REFERRED to Magistrate Judge: <u>135</u> First MOTION to Continue *Ex Parte Hearing* (cmr) (Entered: 12/19/2025) |
| 12/22/2025 | 136 | TEXT ORDER granting <u>135</u> Motion to Continue as to David Reip (6). The Exp Parte Motion Hearing is ***RESCHEDULED*** for 1/12/2026 at 2:00 p.m. All defense counsel of record for David Reip shall attend. Signed by Magistrate Judge Brian K. Epps on 12/22/25. (cjc) (Entered: 12/22/2025) |
| 12/29/2025 | <u>137</u> | NOTICE *OF SUMMARY AND EXPERT WITNESS TESTIMONY* by USA (Attachments: # <u>1</u> Exhibit A, # <u>2</u> Exhibit B)(Jacobs, George) (Entered: 12/29/2025) |
| 12/29/2025 | <u>138</u> | NOTICE *OF EXPERT WITNESS TESTIMONY* by USA (Attachments: # <u>1</u> Exhibit A)(Rhodes, Patricia) (Entered: 12/29/2025) |
| 01/12/2026 | <u>139</u> | Minute Entry for Ex parte proceedings held before Magistrate Judge Brian K. Epps: Ex parte Motion Hearing as to David Reip held on 1/12/2026 re <u>120</u> MOTION to Withdraw as Attorney by Robin E. Daitch, Andrew A. Murdison. filed by David Reip. The Court shall enter an order. (Court Reporter FTR.) (cjc) (Entered: 01/12/2026) |
| 01/13/2026 | <u>140</u> | ORDER granting <u>120</u> Motion to Withdraw as Attorney, as to David Reip (6). Robin Daitch and Andrew Alexander Murdison withdrawn from case. The Court ORDERS Mr. Murdison and Ms. Daitch to turn over the entire case file, including all government discovery, to Mr. Rollins on or before Friday, 1/16/2026. Signed by Magistrate Judge Brian K. Epps on 1/13/2026. (amd) Modified on 1/13/2026 (jsh). (Entered: 01/13/2026) |
| 01/19/2026 | <u>141</u> | MOTION to Modify Conditions of Release *To Attend an Event* by David Reip by Charles H. Rollins as to David Reip. Responses due by 2/2/2026. (Attachments: # <u>1</u> Text of Proposed Order Proposed Order)(Rollins, Charles) (Entered: 01/19/2026) |
| 01/20/2026 | | MOTIONS as to David Reip REFERRED to Magistrate Judge: <u>141</u> MOTION to Modify Conditions of Release *To Attend an Event* by David Reip. (jsh) (Entered: 01/20/2026) |

| 01/20/2026 | 142 | ORDER denying 141 Motion to Modify Conditions of Release as to David Reip (6). Signed by Magistrate Judge Brian K. Epps on 1/20/2026. (amd) (Entered: 01/20/2026) |
|---|---|---|
| 01/28/2026 | 147 | MOTION to Amend/Correct 123 Order on Motion to Modify Conditions of Release *pursuant to 18 USC 3145(a)(2)* by Charles H. Rollins as to David Reip, Marcus Labat, and Dennis Nostrant. Responses due by 2/11/2026. (Rollins, Charles) Modified on 1/29/2026 (cmr). (Entered: 01/28/2026) |
| 01/29/2026 | | MOTIONS as to FNU LNU (First Name Unknown, Last Name Unknown), Anthony Oloans, Joseph Fryar, Dennis Nostrant, Gerard Robertson, David Reip, Marcus Labat, Omar Garcia REFERRED to Magistrate Judge: 147 MOTION to Amend/Correct 123 Order on Motion to Modify Conditions of Release *pursuant to 18 USC 3145(a)(2)* (cmr) (Entered: 01/29/2026) |
| 02/04/2026 | 151 | RESPONSE to Motion by USA as to Dennis Nostrant, David Reip, Marcus Labat re 147 MOTION to Amend/Correct 123 Order on Motion to Modify Conditions of Release *pursuant to 18 USC 3145(a)(2)* (Rhodes, Patricia) (Entered: 02/04/2026) |
| 02/06/2026 | | Motions No Longer Referred : 147 MOTION to Amend/Correct 123 Order on Motion to Modify Conditions of Release *pursuant to 18 USC 3145(a)(2)* (pts) (Entered: 02/06/2026) |
| 02/07/2026 | 152 | First MOTION to Continue by Charles H. Rollins as to FNU LNU (First Name Unknown, Last Name Unknown), Anthony Oloans, Joseph Fryar, Dennis Nostrant, Gerard Robertson, David Reip, Marcus Labat, Omar Garcia. Responses due by 2/23/2026. (Attachments: # 1 Text of Proposed Order Proposed Order)(Rollins, Charles) (Entered: 02/07/2026) |
| 02/09/2026 | 153 | RESPONSE to Motion by USA as to FNU LNU (First Name Unknown, Last Name Unknown), Anthony Oloans, Joseph Fryar, Dennis Nostrant, Gerard Robertson, David Reip, Marcus Labat, Omar Garcia re 152 First MOTION to Continue (Rhodes, Patricia) (Entered: 02/09/2026) |
| 02/09/2026 | | MOTIONS as to FNU LNU (First Name Unknown, Last Name Unknown), Anthony Oloans, Joseph Fryar, Dennis Nostrant, Gerard Robertson, David Reip, Marcus Labat, Omar Garcia REFERRED to Magistrate Judge: 152 First MOTION to Continue (pts) (Entered: 02/09/2026) |
| 02/11/2026 | 154 | ORDER denying 147 MOTION to Amend/Correct 123 Order on Motion to Modify Conditions of Release pursuant to 18 USC 3145(a)(2) as to Dennis Nostrant (4), David Reip (6), and Marcus Labat (7). Signed by District Judge J. Randal Hall on 02/11/2026. (jlh) (Entered: 02/11/2026) |
| 02/17/2026 | 155 | SCHEDULING ORDER granting 152 Motion to Continue as to FNU LNU (First Name Unknown, Last Name Unknown) (1), Anthony Oloans (2), Joseph Fryar (3), Dennis Nostrant (4), Gerard Robertson (5), David Reip (6), Marcus Labat (7), Omar Garcia (8). The period of time March 30, 2026, through and including September 30, 2026 is excluded in computing the time within which trial must commence Signed by Magistrate Judge Brian K. Epps on 2/17/2026. (pts) (Entered: 02/17/2026) |
| 02/17/2026 | | Set/Reset Deadlines as to FNU LNU (First Name Unknown, Last Name Unknown), Anthony Oloans, Joseph Fryar, Dennis Nostrant, Gerard Robertson, David Reip, Marcus Labat, Omar Garcia: Defendant Expert Disclosures due by 9/30/2026. Motions due by 9/30/2026. Status Report due by 10/21/2026. (pts) (Entered: |

| | | |
|---|---|---|
| | | 02/17/2026) |
| 02/19/2026 | <u>156</u> | CERTIFICATE OF DISCLOSURE by USA as to FNU LNU (First Name Unknown, Last Name Unknown), Anthony Oloans, Joseph Fryar, Dennis Nostrant, Gerard Robertson, David Reip, Marcus Labat, Omar Garcia (Rhodes, Patricia) (Entered: 02/19/2026) |
| 02/24/2026 | <u>157</u> | NOTICE OF APPEAL of Conditions of Release by Dennis Nostrant, David Reip, Marcus Labat as to FNU LNU (First Name Unknown, Last Name Unknown), Anthony Oloans, Joseph Fryar, Dennis Nostrant, Gerard Robertson, David Reip, Marcus Labat, Omar Garcia as to <u>154</u> Order on Motion to Amend/Correct, Filing fee $ 605, receipt number GASDC−4270514. (Rollins, Charles) (Entered: 02/24/2026) |

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

|  |  |
|---|---|
| UNITED STATES OF AMERICA,<br><br>   v.<br><br>DAVID REIP, DENNIS NOSTRANT, and<br>MARCUS LABAT<br><br>   Defendants. | CASE NO: 1:25-cr-00062 |

## DEFENDANTS' REIP, NOSTRANT and LABAT'S NOTICE OF APPEAL

COME NOW, Defendants David Reip, Dennis Nostrant, and Marcus Labat, by and through undersigned counsel, and hereby by give their notice in the above-named case of their appeal to the United States Court of Appeals for the Eleventh Circuit from the Order entered on February 11, 2026 (Doc. 154), which is an order appealable as of right pursuant to 18 U.S.C. § 3145(c), as it is a final order pursuant to that definition in 28 U.S.C. § 1291.

Defendants are currently released pending trial and have been under Court Ordered conditional release since September 12, 2025. (Doc. 15, 17, and 19).

Respectfully submitted this 24th day of February 2026.

*/s/ Charles Hackney Rollins*
Charles Hackney Rollins
Georgia Bar No. 367169
*Attorney for David Reip*

CHARLES ROLLINS, PC
1450 Green St.
Suite 3600
Augusta, GA  30901
Telephone: 706-814-2361
charles@rollinspc.org


*/s/ Brooks K. Hudson*
Brooks K. Hudson
GA Bar No. 141621
*Attorney for Marcus Labat*


Of Counsel:
Hull Barrett, PC
Post Office Box 1564
Augusta, GA 30903
706-722-4481
bhudson@hullbarrett.com

*/s/ Holly G. Chapman*
Holly G. Chapman
GA Bar No. 512067
*Attorney for Dennis Nostrant*

Davis, Chapman, and Wilder, LLC
1143 Laney Walker Blvd, Suite 201
Augusta, GA 30901
706-200-1578
hchapman@dcwattorneys.com

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

|  |  |
|---|---|
| UNITED STATES OF AMERICA,<br>    v.<br><br>DAVID REIP, DENNIS NOSTRANT, and<br>MARCUS LABAT<br><br>    Defendants. | CASE NO: 1:25-cr-00062 |

## CERTIFICATE OF SERVICE

The undersigned certifies that I have on this day served all the parties in this case in accordance with the notice of electronic filing ("NEF") which was generated as a result of electronic filing with this Court.

This 24th day of February, 2026.

CHARLES ROLLINS, P.C.
/s/ Charles Hackney Rollins
CHARLES HACKNEY ROLLINS
Georgia Bar No. 367169

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF GEORGIA**
**AUGUSTA DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| | * | |
| v. | * | CR 125-062 |
| | * | |
| DENNIS NOSTRANT | * | |
| DAVID REIP | * | |
| MARCUS LABAT | * | |

**O R D E R**

Pursuant to 18 U.S.C. § 3145(a)(2), Defendants Nostrant, Reip, and Labat move to amend condition of pretrial release 7(g), which requires them to avoid all contact with any person who is or may be a victim or witness in the investigation or prosecution of the above-captioned case, so that they may attend religious services at the House of Prayer Christian Churches ("HOPCC"). (Doc. 147.) They claim Condition 7(g) violates their religious rights, and they request a hearing. (See id.) The government opposes amendment, arguing Condition 7(g) is the least restrictive means of furthering the compelling government interest in safeguarding potential witnesses and the fair administration of justice. (See doc. 151.)

Upon a *de novo* review, the Court determines Defendants' motion must be denied. First, a hearing is unnecessary because the record developed in connection with Condition 7(g) is sufficient. (See Court's recording system, *For the Record* ("FTR") 9:32:23-10:20:30

13

(Oct. 15, 2025); docs. 98, 123.)  Next, Condition 7(g) should not
be amended for any Defendant.   Citing the Religious Freedom
Restoration Act ("RFRA"), Defendants contend the Court's
determination of "least restrictive means" requires the Court to
individually analyze each Defendant's background, and they thus
take issue with the Magistrate Judge's purported "blanket denials"
of their ability to attend HOPCC services.  (Doc. 147, pp. 6-10.)

As an initial matter, the Magistrate Judge did not
categorically prohibit Defendants from attending HOPCC services
without analyzing each Defendant individually.   Rather, at the
October 15, 2025 status conference, the Magistrate Judge heard
proposals from each Defendant and the government and determined an
absolute prohibition on involvement in any HOPCC services and
activities was necessary for each Defendant, and no lesser
restrictions would suffice to achieve the government's compelling
interest.   (FTR, 9:32:23-10:20:30 (Oct. 15, 2025); doc. 98.)
Thereafter, upon consideration of Defendants' post-hearing RFRA
motion and brief, (doc. 105), the Magistrate Judge again reached
the same conclusion, (doc. 123).

Regardless, the Court has fully considered each individual
Defendant but determines the same result applies to all of them in
light of the specific, unique circumstances of the alleged schemes
at issue in this case.   The HOPCC is the epicenter of the alleged
criminal activity, and the indictment alleges Defendants exercised

control and manipulation over HOPCC members to fulfill the alleged schemes. (See doc. 3.) Thus, to allow *any* Defendant – Nostrant, Reip, or Labat - to attend HOPCC services, even with various restrictions imposed, carries an unacceptable risk of witness and victim intimidation. Further, the United States Probation Office simply does not have the resources to monitor each released Defendant's attendance at HOPCC services.

In sum, the Court has considered all three Defendants individually but concludes Condition 7(g) is the least restrictive means of furthering the government's compelling interest as to each. For these reasons, the Court declines to amend Condition 7(g) and the Magistrate Judge's related October 15, 2025 Order and **DENIES** Defendants' motion. (Doc. 147.)

**ORDER ENTERED** at Augusta, Georgia, this _11th_ day of February, 2026.

HONORABLE J. RANDAL HALL
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA

3

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

|  |  |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        v.<br><br>DAVID REIP, DENNIS NOSTRANT, and<br>MARCUS LABAT<br><br>        Defendants. | CASE NO: **1:25-cr-00062** |

### DEFENDANTS REIP, NOSTRANT, AND LABAT'S
### JOINT MOTION AND BRIEF IN SUPPORT TO AMEND
### <u>CONDITIONS OF THEIR BAIL RELEASE ORDER</u>

COME NOW David Reip, Dennis Nostrant, and Marcus Labat (hereinafter "Practicing Defendants"), defendants in the above styled action, by and through their undersigned counsel, and file this Motion and Brief in Support to Amend the Conditions of Their Bail Release Orders and the Order issued by this Court concerning their ability to attend church and associate with other members of their Church, the House of Prayer Christian Church. Docs. 15, 17, 19, 21, 98, and 123. This Motion is made pursuant to 18 U.S.C. § 3145(a)(2). In support of this request, the above listed Practicing Defendants submit the following:

### INTRODUCTION

Among the Practicing Defendants, Messrs. Reip and Nostrant are alleged to have committed Conspiracy to Commit Bank Fraud, and  in violation of 18 U.S.C. § 1344(2) and 1349, and they are each charged with two counts of Bank Fraud in violation of 18 U.S.C. §§ 1344(2) and 2, with many of the alleged victims and potential government witnesses being

members of their church, the House of Prayer Christian Church ("HOPCC"), and HOPCC's tightly knit community. Doc. 3, ("the Indictment").

Also, among the Practicing Defendants, Mr. Labat is alleged to have committed Conspiracy to Commit Wire Fraud in violation of 18 U.S.C. §§ 1343 and 1349 targeting veterans benefits related to the House of Prayer Bible Seminaries ("HOPBS"). *Id.*

Furthermore, Mr. Labat was alleged to have committed 16 counts of Wire Fraud in violation of 18 U.S.C. §§ 1323 and 2, related to the HOPBS receipt of federal funds. *Id.*

The House of Prayer Christian Church has been operating, with its largest church and congregation in Hinesville, Georgia, with locations in other states, following a schism with the New Testament Christian Church, since 2004. Doc. 3 at ¶¶ 12-13. Pastor Rony Denis has been the spiritual leader of this group since well before the schism, with relationships with many of the congregation going back 20 years or longer. *Id.* Rony Denis has also been charged in this Indictment and he along with Anthony Oloans, another Defendant, are currently being held in detention pending trial. *See generally* Docs.71 and 70.

On September 10, 2025, the Indictment in this case was unsealed, the defendants were all taken into custody by federal agents. The indictment and arrests were publicized by the Government through a Press Release[1] and press conference[2] on that same day.

Following the arrests on September 10th, the Practicing Defendants were brought before Magistrate Judge Epps in Augusta, Georgia on September 11, and at their initial appearance that day were each granted Conditional Release with the same terms. Docs. 15, 17, 19, and 21 (the "Release Orders"). Included in each of those Release Orders is condition 7(g) which states "The defendant must: … avoid all contact, directly or indirectly, with any person who is or may be a victim or witness in the investigation or prosecution, including: Co-Defendants, unless arranged by and in the presence of counsel." *Id.* at ¶7.

The Court held a status conference on October 15, 2025, where the Practicing Defendants requested specific relief from the burden placed on the free exercise of their

---

[1] *Eight Members of the House of Prayer Christian Churches Indicted for Fraud Schemes in Operation "False Profit"*, USAO, published on September 10, 2025, last accessed at https://www.justice.gov/usao-sdga/pr/eight-members-house-prayer-christian-churches-indicted-fraud-schemes-operation-false on October 10, 2025; attached as Exhibit A, hereinafter "the Press Release".

[2] https://www.wrdw.com/2025/09/11/stolen-name-stolen-benefits-details-alleged-cult-fbi-raid-mansion/ ; last accessed on October 18, 2025.

religious beliefs pursuant to the Religious Freedom Restoration Act. (Doc. 123 at 2). 42 U.S.C. § 2000bb-1 et seq.

Specifically, the Practicing Defendants asked to be able to attend church services at one of the church's affiliated with the House of Prayer Christian Church while on conditional release pending their trial on the above referenced charges. Doc. 123 at 2-3.

At the end of that hearing, the Court invited further briefing on the matter, which was followed by further briefing by both the Practicing Defendants and the Government regarding this matter. *See* Docs. 105 and 113. Following that briefing, the Court issued an Order on November 25, 2025, denying defendants requested relief. Doc. 123.

The Practicing Defendants hereby petition this Court to Amend the Orders setting conditions on the release of the Practicing Defendants to comply with the heightened scrutiny that must be applied to all matters related to the free exercise of their sincerely held religious beliefs, and that any burden on that exercise be given the strictest scrutiny to ensure that there is no way to achieve the government's legitimate purposes in a manner less restrictive to that exercise. Docs. 15, 17, 19, 21, 98, and 123; 18 U.S.C. § 3142(c)(3), and 42 U.S.C. § 2000bb-1 et seq.

This motion is being made pursuant to 18 U.S.C. § 3145(a)(2), and the Defendants seek are seeking a hearing to present specific, reasonable proposals that would allow the government to achieve its compelling interests in this matter without properly insuring that those burdens placed upon the free exercise of the Practicing Defendants religious liberty is no more than is allowed by law. 18 U.S.C. § 3145(a)(2), and 42 U.S.C. § 2000bb-1 et seq.

## DAVID REIP, DENNIS NOSTRANT, AND MARCUS LABAT

Messrs. David Reip, Dennis Nostrant, and Marcus Labat each stand before the Court today as individuals who have absolutely no criminal history, are god-fearing, religious, family-men, and who are each innocent until proven guilty of the crimes for which they have been indicted. While in no way diminishing the seriousness of the allegations and with the understanding that the indictment alleges a conspiracy, the Defendants are facing a protracted, stressful, legal battle to defend themselves from very serious accusations, and, with them being the deeply spiritual men that they are, they seek God, faith, solace, and peace in their Church.

St. Paul speaks in his first letter to the Church in Corinth spoke famously of the need for Christians to gather for corporate worship, and he uses his body as a metaphor for the members of the Church. 1 Corinthians 12:15-26 (KJV). St. Paul places particular emphasis on the necessity of increased concern for members of the Church who are suffering, saying:

> And the eye cannot say unto the hand, I have no need of thee: nor again the head to the feet, I have no need of you. Nay, much more those members of the body, which seem to be the more feeble, are necessary: And those members of the body, which we think to be less honorable, upon these we bestow more abundant honor; and our uncomely parts have more abundant comeliness. For our comely parts have no need: but God hath tempered the body together, having given more abundant honor to that part which lacked. That there should be no schism in the body; but that the members should have the same care one for another. And whether one member suffer, all the members suffer with it; or one member be honored, all the members rejoice with it.

*Id.* at 21-26.

Each of the Practicing Defendants is a devout and longtime member of the HOPCC, and their faith tradition is guided by literal readings of scripture, and in particular their interpretation of the Biblical injunction from the Epistle Paul to the Romans, "be not conformed to this world". Romans 12:2, and which they exercise in part by living in communion with one another in a lifestyle explicitly modeled on that of the early Christians as described in the book of Acts and the Epistles of St. Paul.

Their faith tradition also highly emphasizes the importance of the scriptural exhortation that adherents should "not forsak[e] the assembling of ourselves together" (Hebrews 10:25), which follows from an Old Testament tradition of the Twelve Tribes gathering together for worship, *see* 2 Kings 23:1-3, and St. Paul's admonition that the church is "the body of Christ," 1 Corinthians 12:27. *See Capitol Hill Baptist Church v. Bowser,* 496 F.Supp.3d 284 at 293-294 (District Court, D.C.) (2020) *and Wisconsin v. Yoder,* 406 U.S. 205 at 216 (1972).

The Practicing Defendants, none of whom have any criminal record and none of whom have ever been placed on any type of supervision by any court, understandably

Page **4** of **12**

cautious with respect to the conditions of their bond, each requested the Court, at their various arraignments, once they had the benefit of counsel, to clarify to them whether or not they were allowed to attend religious worship services at their respective usual places of of worship (these defendants did not all attend the same branch of HOPCC), and the Court asked the Government and the Practicing Defendants to meet and confer to attempt to arrive at a mutually agreeable solution.

The Government and the Practicing Defendants attempted discussed the situation, with various accommodations proposed by the Defendants to allow them to attend church and to satisfy the acknowledged compelling interest of the Government in the orderly administration of justice. These negotiations failed, and a hearing was held on the matter on October 15, 2025, following which the Court issued an Order modifying the bond conditions for all released defendants "by prohibiting their attendance at, or participation in, any activities, services, gatherings, or events associated with the House of Prayer Christian Churches." (Doc. 98 at 1). The Court did this for the stated purpose of "ensuring adequate protection of potential witnesses and the orderly and fair administration of justice." *Id.* Furthermore, after the Practicing Defendants sought clarification as to who the Government considered to be potential witnesses and victims in this case in an attempt to narrow it down from the *entire* past, current, and future congregation pursuant to the Practicing Defendants' right to clarity in the conditions imposed on their release pursuant to 18 U.S.C. § 3142(h)(1), the Court provided that clarity by stating that "[t]o comply with the standard bond condition prohibiting defendants from communicating with potential witnesses, Defendants shall consider any current or former member of the church as a potential witness, with the exception that a defendant may communicate with his immediate family members." *Id* at 1-2.

The Practicing Defendants understand that ensuring the adequate protection of potential witnesses and the orderly and fair administration of justice are compelling government interests, and that it is the routine practice of the Government to request, and the Court to grant, conditions either exactly like or extremely similar to those imposed in ¶7(g) of the bond release Orders for each defendant in this case in nearly every criminal case that is before it and that it is not a condition frequently objected to by criminal defendants for numerous reasons.

Notwithstanding this, the Court may only impose the "least restrictive condition(s) only as necessary to reasonably assure the appearance of the person as required and the safety of any other person and the community." 18 U.S.C. §3142(c)(1)(B).

Page **5** of **12**

Furthermore, the Practicing Defendants have a right to exercise their sincerely held religious beliefs as Christians by attending regular worship services in person pursuant to the First Amendment of the Constitution of the United States and the Religious Freedom Restoration Act ("RFRA") as modified by the Religious Land Use and Institutionalized Persons Act ("RLUIPA") 40 U.S.C §§ 2000bb-1 et seq., 2000cc-5(7).

The Practicing Defendants understand and acknowledge that they are not going to be allowed to obstruct justice or interfere with this case in any way, and that no right to religious exercise would entitle them to do so. They also have been advised by their counsel that the simplest way to ensure compliance with the law in this respect is to refrain from attending these church services, and for most defendants, that would be the end of the matter as far as the Court is concerned. However, the Practicing Defendants sincerely believe that regular church attendance at a House of Prayer affiliated church is necessary for the salvation of nothing less than their eternal souls. This is not a matter in which they can afford to be timid, and they therefore must press the Court and assert their rights, as nothing less will do with stakes so high.

## ARGUMENT AND CITATION TO AUTHORITY

The Religious Freedom Restoration Act (40 U.S.C. 2000bb-1 et seq., "RFRA") was enacted by Congress in 1993 "in order to provide very broad protection for religious liberty." *Burwell v. Hobby Lobby Stores, Inc.*, 573 U.S. 682 at 693 (2014). It was enacted in response to the Supreme Court's decision in *Employment Div., Dept. of Human Resources of Ore. v. Smith*, 494 U.S. 872 (1990) by Congress in an attempt to restore what Congress felt was the proper respect for the freedom to exercise one's religion in America. Through this act, Congress explicitly attempted to adopt by statute the balancing test that existed prior to Smith, as delineated in prior Supreme Court precedent under *Sherbert v. Verner*, 374 U.S. 398 (1963) and *Wisconsin v. Yoder*, 406 US. 205 (1972). *Hobby Lobby* at 693-695.

Following the passage of RFRA, the Supreme Court limited the scope of RFRA in *City of Boerne v. Flores*, 521 U.S. 507 (1997). Id. Congress, again responded by passing legislation, this time the Religious Land Use and Institutionalized Persons Act (40 U.S.C. §§ 2000cc-1 et seq., "RLUIPA"), by which Congress attempted to again accomplish what it set out to achieve by applying RFRA to the states as well as the federal government. Notably, Congress also expanded the definition of the term "religious exercise" to match the new definition in RLUIPA: "the term 'religious exercise' includes any exercise of religion, whether or not

compelled by, or central to, a system of religious belief." Hobby Lobby at 694-696, 40 U.S.C. §§ 2000bb-2(4), and 2000cc-5(7)(A).

Starting with the text, RFRA states that the "Government shall not substantially burden a person's exercise of religion even if the burden results from a rule of general applicability…only if it demonstrates that application of the burden to the person – (1) is in the furtherance of a compelling governmental interest; and (2) is the least restrictive means of furthering that compelling governmental interest." 40 U.S.C. §2000bb-1(a) and (b). "Congress enacted RFRA in order to provide greater protection for religious exercise than is available under the First Amendment." *Holt v. Hobbs*, 574 U.S. 352 at 357 (2015) citing *Hobby Lobby* at 694, 695.

RFRA has been repeatedly applied in criminal cases, both as a defense to an alleged violation of a criminal statute as well as in the context of conditions of release. See *Gonzales v. O Centro Espirata Beneficente Uniao do Vegetal*, 546 U.S. 418 (2006) (upholding injunction preventing the Government from applying law against possession of hoasca, a hallucinogen regulated under schedule I of the Controlled Substances Act (21 U.S.C. § 812(c)), *US v. Grady*, 18 F.4th 1275 (2021) (upholding conviction of religious protestors for destruction of government property at King's Bay Naval base regarding nuclear weapons, deploying a RFRA analysis and finding that the defendants made their prima facie case, but that the government was able to show that no reasonable accommodation was requested nor could one have accommodated the religious exercise of the protestors in a less restrictive manner without compromising compelling governmental interests of the 'highest order' – the security of the nation's nuclear weapons); *US v. Marks*, 947 F. Supp. 858 (District Court, E.D. Pennsylvania 1996) (conducting RFRA analysis before denying defendant's request, after defendant entered his guilty plea, for release pursuant to 18 U.S.C. § 3143 so that he could perform various religious practices related to a "black feast" for his deceased mother as part of traditional Romani-American religious customs – the Court found the defendant made his prima facie case, but given the particular facts around that defendant and his request, found that no reasonable accommodation could accomplish the government's compelling interests); and *US v. Lafley*, 656 F.3d 936 (9th Cir. 2011) (applying RFRA analysis as to whether a convicted methamphetamine dealer who had converted to Rastafarianism could smoke marijuana as part of his religious practice while on supervised release, concluding that, despite clearly being high on marijuana at the hearing, the defendant made out his prima facie case under RFRA, and distinguishing the case from *O Centro* by noting that, unlike the controlled substances act, 18 U.S.C. § 3583 (like §3142) provides no exceptions to its blanket mandate that "the law prohibits all defendants on supervised release from using controlled

substances" and that "when that prohibition is applied to someone with a criminal history like Lafferty's, the government's interest is compelling." *Lafley* at 941.)

The Bail Reform Act as codified at 18 U.S.C. §§ 3141-3156 is the primary set of statutes governing pretrial conditions for persons accused of a federal crime by the Government. 18 U.S.C. § 3142 governs the release or detention of a defendant in a criminal case pending trial. For the reasons to follow, this is not a law of general applicability and exceptions it is designed to be specifically tailored to the individual. *See Lafley* at 941 citing to *O Centro.*

In this particular case, the Court has already found that the Practicing Defendants can be released prior to trial and that so long as they comply with the conditions stated in their Release Orders, the Court is reasonably assured that they will appear in person as required for trial and sentencing, and that they do not pose a danger to the safety of any other person or the community when it ordered the Practicing Defendants to be released pending trial. See Release Orders, generally, and 18 U.S.C. § 3142(a)-(c).

Furthermore, conditions beyond the ones required to be imposed on all defendants released pending trial are not laws of general applicability but must be individualized specifically to the individual and exact nature of the allegations against that defendant. 18 U.S.C. § 3142(c)(1)(B).

The conditions imposed in the Release Orders and in the Courts Order modifying the conditions of release for all Practicing Defendants are subject to RFRA as they constitute a substantial burden on the exercise of the Practicing Defendants sincerely held religious beliefs by prohibiting them from attending services and other events at the House of Prayer Christian Churches. See Release Orders and Modification Order.

As those conditions constitute such a burden and are imposed by the Government, they must advance a compelling government interest, and they must do so in the least restrictive manner possible. Once the defendants have established their prima facie case as described above, the burden then shifts to the Government to show why alternatives proposed by the defendants would not reasonably satisfy the admittedly compelling government interests in this case while allowing the Practicing Defendants to attend church. While the Practicing Defendants have offered up several proposals, the Government has declined to offer meaningful counter-proposals and has simply declared that it is not possible in this case, without spending the time required to ensure that there is not a way to accommodate the

government's compelling interest in a manner less burdensome on the Practicing Defendant's exercise of their sincere religious faith.

The Release Orders for each of the Defendants in this case were written using a standard form, with a pre-printed title at the top of each page reading: "AO 199A (Rev. 06/19) Order Setting Conditions of Release". This form lists a series of conditions for the Court to select from to impose on the Defendants, beginning with pre-printed conditions listed in ¶¶1-5 which are mandatory under the Bail Reform Act for every defendant released prior to trial. Release Orders at ¶¶1-5, 18 U.S.C. §§ 3141 – 3156.

These mandatory conditions include requiring that the defendant not violate any federal, state, or local law while on release; that the defendant cooperate in the collection of a DNA sample if it is authorized by 34 U.S.C. § 40702; that the defendant must advise the court before changing residence or telephone number; that the defendant must appear in court as required and, if convicted, must surrender to serve a sentence the court may impose; and that the defendant must sign an Appearance Bond, if ordered. Release Orders at ¶¶1-5.

Following those first five mandatory conditions, the form then states that "[p]ursuant to 18 U.S.C. § 3142(c)(1)(B), the court may impose the following least restrictive condition(s) only as necessary to reasonably assure the appearance of the person as required and the safety of any other person and the community." Release Orders at 2.

Following that statement, the form goes on to list a number of relatively standard conditions pre-filled in with checkboxes beside them to indicate that the Court has selected that condition and then blanks to fill in specifics related to the selected condition with room at the bottom of the form for the Court to add any additional conditions it wishes to impose. *See* Release Orders, *generally*. It is from this list of optional conditions that the Court selected what the form has labeled as ¶7(g) and added specific terms to the pre-printed terms as described above. *Id.*

The conditions as imposed on the defendants in this case violate their rights under the First Amendment and RFRA, and the Bail Reform Act is not a "law of general applicability" and neither is the prohibition on attending the services at the House of Prayer, and therefore they must be modified to allow the defendants' to exercise their faith by attending church with reasonable restrictions that are narrowly and specifically tailored to each Practicing Defendant individually to accomplish the Government's compelling

interests in the protection of witnesses and the orderly and fair administration of justice without unduly burdening those free exercise rights.

## CONCLUSION

The Practicing Defendants have attempted to work with the Government and have offered to discuss literally any possible alternative to a complete ban on their ability to attend religious services at House of Prayer Christian Churches. They have never challenged the fact that the government has compelling interests at stake here. They have made every effort possible to work with the Government and the Court to try to find some sort of compromise, but proposals have not been met with productive, or any, counterproposals.

The practicing defendants have been issued blanket denials and have not had hearings where the government met its burden of showing that there was no less restrictive way in which to burden the *particular* religious exercise these defendants wish to participate in and the risks that would pose to the compelling government interests in this matter. Truly respecting religious liberty, and the law, *require* that the Court take these extra measure when religious exercise is burdened for all of the reasons stated above.

Without individually taking into account the accusations against these defendants, *in particular,* and the background and history of each of these defendants, *in particular,* as well as the specific facts of the case taking into due consideration less restrictive alternatives such as have already been suggested, the Court cannot truly say that it has strictly scrutinized the issue to the standard required under current law and precedent. To that end, the Practicing Defendants hereby respectfully request an evidentiary hearing on this matter to be heard promptly by the Court pursuant to 18 U.S.C. § 3145 (a)(2).

Respectfully submitted this 28th day of January, 2026.

*/s/ Charles Hackney Rollins*
Charles Hackney Rollins
Georgia Bar No. 367169
*Attorney for David Reip*

Page **10** of **12**

CHARLES ROLLINS, PC

1450 Green St.

Suite 3600

Augusta, GA  30901

Telephone: 706-814-2361

charles@rollinspc.org


*/s/ Brooks K. Hudson*

Brooks K. Hudson

GA Bar No. 141621

*Attorney for Marcus Labat*


Of Counsel:

Hull Barrett, PC

Post Office Box 1564

Augusta, GA 30903

706-722-4481

bhudson@hullbarrett.com

*/s/ Holly G. Chapman*

Holly G. Chapman

GA Bar No. 512067

*Attorney for Dennis Nostrant*


Davis, Chapman, and Wilder, LLC

1143 Laney Walker Blvd, Suite 201

Augusta, GA 30901

706-200-1578

hchapman@dcwattorneys.com

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

|  |  |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    v.<br><br>DAVID REIP, DENNIS NOSTRANT, and<br>MARCUS LABAT<br><br>    Defendants. | CASE NO: 1:25-cr-00062 |

## CERTIFICATE OF SERVICE

The undersigned certifies that I have on this day served all the parties in this case in accordance with the notice of electronic filing ("NEF") which was generated as a result of electronic filing with this Court.

This 28th day of January, 2026.

CHARLES ROLLINS, P.C.
*/s/ Charles Hackney Rollins*
CHARLES HACKNEY ROLLINS
Georgia Bar No. 367169