IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

**UNITED STATES OF AMERICA,**

**v.**

**DENNIS NOSTRANT,**
**Defendant.**

**No.: 1:25-CR-00062-JRH**

## MOTION TO SEVER DEFENDANTS

COMES NOW the Defendant, Dennis Nostrant (hereinafter "Mr. Nostrant"), by and through undersigned counsel, and pursuant to Fed. Crim. P. Rules 8 and 14 as well as the Fifth and Sixth Amendments to the United States Constitution and moves this Court to enter an Order granting a severance and separate trial from his co-defendants in the indictment on the following grounds:

## Background

1. Mr. Nostrant is charged in a multi-defendant indictment with one count of Conspiracy to Commit Bank Fraud, Count 1, that includes five other defendants conducting or attempting to execute a scheme to defraud several financial institutions. (Doc. 3.) He is also charged with Bank Fraud in Counts 2 and 3, with four other defendants for specifically trying to obtain money and property from Wells Fargo by fraudulent means. Mr. Nostrant is not charged in Count 4, Conspiracy to Commit

Wire Fraud, and Counts 5 through 23, Wire Fraud, where his other co-defendants are charged for activities related to a Bible Seminary operated by the House Of Prayer. Nor is he charged in Counts 24 through 26 of this indictment for Aiding and Assisting in the Filing of a False Tax Return.

## Legal Standard

2. Federal Rule of Criminal Procedure 8 allows for joinder of defendants in the same indictment when they "are alleged to have participated in the same act or transaction, or in the same series of acts or transactions, constituting an offense or offenses. Fed. R. Crim. P. 8(b). However, where all of the counts are not "related to the same common plan or scheme," joinder of multiple codefendants is inappropriate. ***U.S. v. Daniels***, 803 F.3d 335 (7th Cir. 2015).

3. Federal Rule of Criminal Procedure 14(a) broadly authorizes the Court to sever co-defendants' trials, even in the absence of a technical misjoinder, "[i]f the joinder of offenses or defendants in an indictment, an information, or a consolidation for trial appears to prejudice a defendant or the government[.]" Fed. R. Crim. P. 14(a). The Supreme Court has stated that Rule 14(a) severance is appropriate where there exists "a serious risk that a joint trial would compromise a specific trial right of one

of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence." ***Zafiro v. United States***, 506 U.S. 534, 539 (1993); ***United States v. Lopez***, 649 F.3d 1222, 1234-35 (11th Cir. 2011) (reiterating ***Zafiro*** and further stating that "[e]xamples of specific constitutionally protected trial rights that might be jeopardized in a joint trial are the Sixth Amendment right to confrontation and the Fifth Amendment right to remain silent").

4. Where there's a case with multiple co-defendants joined for trial, the district court may sever some defendants' trials where a joint trial will result in prejudice to the defendants. ***U.S. v. Feldman***, 936 F.3d 1288. (11th Cir. 2019). In considering whether to sever a co-defendant, courts balance the defendant's right to due process and a fair trial against the public's interest in the efficient and economic administration of justice. ***Feldman***, 936 F.3d at 1297. A severance of defendants is further appropriate where inculpatory evidence will be admitted against one defendant that is not admissible against another. See ***U.S. v. Chavez***, 584 F.3d 1354, 1360 (11th Cir. 2009). Prejudice from a joint trial of co-defendants can also arise from the "'spillover' effects where the crimes of some defendants are more horrific or better documented than the crimes of others." ***United States v. Martinez***, 994 F.3d. 1, 15-16. (1st Cir. 2021).

**Argument and Citation to Authority**

5. The indictment charges Mr. Nostrant with different activities and different theories of liability than his co-defendants. Regarding this indictment, Mr. Nostrant would be prejudiced by the admission of evidence related to Counts 4 through 26 of this indictment because it involves evidence that applies to several of his co-defendants charged with conspiracy to commit wire fraud, wire fraud, and aiding and assisting in the filing of a false tax return, which Mr. Nostrand has not been charged. The allegations against the co-defendants in Counts 4 through 26 are not part of the same common plan or scheme as the counts that Mr. Nostrand are charged and are insufficient to support joinder under Rule 8(b). ***U.S. v. Velasquez***, 772 F.2d 1348, 1353 (7th Cir. 1985) (holding there was misjoinder of a heroin charge where the indictment did not relate that charge "to any of the charges against the other defendants named in the indictment..").
6. Furthermore, there is a reasonable likelihood that a jury may improperly transfer the applicability of evidence from other co-defendants to Mr. Nostrand. He would be deeply prejudiced by the negative connections and inferences a jury may draw from evidence of his co-defendants' wire fraud and illegal tax activities.

7. Additionally, the sheer number of defendants, schemes, and separate transactions in this case make it reasonably likely that Mr. Nostrant would be prejudiced by the overwhelming amount of evidence produced against his codefendants at trial. The evidence is voluminous, and Mr. Nostrant's involvement and participation in this case was much more limited in duration and scope, confined specifically to conducting basic bookkeeping for House Of Prayer Christian Church and having no involvement with House Of Prayer Bible Seminary or dealing with the Veterans Administration in any manner. Severance is required when there is a "reasonable likelihood that the jury [will] transfer[] the applicability of evidence from [one Defendant to another] or vice-versa." ***United States v. Liss***, 265 F.3d 1220 (11th Cir. 2001).

8. Finally, Mr. Nostrant believes that other indicted co-defendants have or will make statements attempting to incriminate him. The Sixth Amendment to the U.S. Constitution guarantees an individual on trial in a criminal case the right to full and effective cross-examination. If other defendants have made statements naming Mr. Nostrant, his case may be forced to be severed pursuant to ***Bruton v. U.S.***, 391 U.S. 123 (1968).

WHEREFORE, Mr. Nostrant respectfully requests:

1). That this Court grant an evidentiary hearing and sever his case from his co-defendants;

2). That this Court allow the defense to amend and supplement this motion and file subsequent motions as necessary.

This 30 day of October 2026.

Respectfully submitted,

/S/ Bruce Harvey

LAW OFFICES OF BRUCE S. HARVEY
ATTORNEYS FOR DEFENDANT
Bruce S. Harvey, #335175
bruce@bharveylawfirm.com
Jamie Roberts, #608590
jamie@bharveylawfirm.com

117 Luckie St. NW
Atlanta, GA 30303
(404) 659-4628 office
(404) 681-3953 fax